# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------------------x

MARIO CASTANO,

                    Plaintiff,                     Case No. 22-cv-00767

      - against -

                                            **ANSWER AND**

LEX BRANDS LLC, SILBER CAPITAL, LLC        **AFFIRMATIVE**

ISRAEL ZAHLER, SAMUEL SPIELMAN,          **DEFENSES**

JOHN/JANE DOES (1-10) AND XYZ

CORPORATIONS/ENTITIES (1-10);

                     Defendants.

------------------------------------------------------------------x

        Defendants Lex Brands LLC, Silber Capital LLC, Israel Zahler and Samuel Spielman ("Defendants"), by their attorneys, Twersky PLLC, as and for their Answer to the Plaintiff Mario Castano's Complaint, dated February 11, 2022 ("Complaint") and Affirmative Defenses, state as follows:

## NATURE OF THE CASE

1.    Deny the truth of each and every allegation set forth in paragraph 1 of the Complaint.

2.    Deny the truth of each and every allegation set forth in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, but defer all legal conclusions to the Court.

4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, but defer all legal conclusions to the Court.

## PARTIES

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.    Deny the truth of each and every allegation set forth in paragraph 6 of the Complaint, but admit that its principal place of principal place of business and address for service of process located at 401 Hackensack Avenue, Suite 801, Hackensack, New Jersey 07601.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.    Admit the truth of the allegations set forth in paragraph 9 of the Complaint.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, but admit that Israel Zahler is a natural person.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, but admit that Samuel Spielman

is a natural person.

15.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

## MATERIAL FACTS

17.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, but deny that Defendants were out of compliance with various federal and state employment laws.

19.   Deny the truth of each and every allegation set forth in paragraph 19 of the Complaint.

20.   Deny the truth of each and every allegation set forth in paragraph 20 of the Complaint.

21.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint, but deny that Defendants were engaging in unethical/fraudulent/deceptive and unsafe business practices.

22.   Deny the truth of each and every allegation set forth in paragraph 22 of the Complaint.

23.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, but deny that Defendants' selling of these products to consumers without a prescription violated federal law, including the Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301-392 ("FD&CA"), and constituted a danger to public health, safety and welfare.

24.   Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 24 of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 25 of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 26 of the Complaint, but deny that Defendants

engaged in any wage and hour violations, unethical/fraudulent/deceptive business

practices, and conduct averse to the public health, safety and welfare, or any unlawful,

unethical and unsafe business practices.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 27 of the Complaint

28.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 28 of the Complaint

29.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 29 of the Complaint, but deny that Defendants

engaged in discriminatory hiring practices.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 30 of the Complaint, but deny that Defendants

engaged in any wage and hour violations, unethical/fraudulent/deceptive business

practices, and risks to the public health, safety and welfare.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 31 of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 32 of the Complaint.

33.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint, but deny that Defendants were not in compliance with federal and state wage and hour laws, deny that Defendants were engaged in unlawful hiring practices and deny that Defendants were violating the Obagi licensing agreement and misleading the public as to the Obagi products.

34.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

<u>**COUNT ONE**</u>

**(Retaliation in Violation of the FLSA)**

37.  In response to paragraph 37 of the Complaint, Defendants repeat and re-allege each and every response contained in paragraphs 1 through 36 of this Answer as if set forth in their entirety.

38.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint, but defer all legal conclusions to the Court.

39.  Deny the truth of each and every allegation set forth in paragraph 39 of the Complaint.

40.  Deny the truth of each and every allegation set forth in paragraph 40 of the Complaint.

41.  Deny the truth of each and every allegation set forth in paragraph 41 of the Complaint.

42.  Deny the truth of each and every allegation set forth in paragraph 42 of the Complaint.

43.    Deny the truth of each and every allegation set forth in paragraph 43 of the Complaint.

## COUNT TWO

### (Retaliation in Violation of the NJWHL)

44.    In response to paragraph 44 of the Complaint, Defendants repeat and re-allege each and every response contained in paragraphs 1 through 43 of this Answer as if set forth in their entirety.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint, but defer all legal conclusions to the Court.

46.    Deny the truth of each and every allegation set forth in paragraph 46 of the Complaint.

47.    Deny the truth of each and every allegation set forth in paragraph 47 of the Complaint.

48.    Deny the truth of each and every allegation set forth in paragraph 48 of the Complaint.

49.    Deny the truth of each and every allegation set forth in paragraph 49 of the Complaint.

50.    Deny the truth of each and every allegation set forth in paragraph 50 of the Complaint.

## COUNT THREE

### (Retaliation in Violation of the NJLAD)

51.    In response to paragraph 51 of the Complaint, Defendants repeat and re-allege each and every response contained in paragraphs 1 through 50 of this Answer as if set forth in their entirety.

52.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint, but defer all legal conclusions to the Court.

53.    Deny the truth of each and every allegation set forth in paragraph 53 of the Complaint.

54.    Deny the truth of each and every allegation set forth in paragraph 54 of the Complaint.

55.    Deny the truth of each and every allegation set forth in paragraph 55 of the Complaint.

56.    Deny the truth of each and every allegation set forth in paragraph 56 of the Complaint.

57.    Deny the truth of each and every allegation set forth in paragraph 57 of the Complaint.

## COUNT FOUR

### (Retaliation in Violation of the NJCEPA)

58.    In response to paragraph 58 of the Complaint, Defendants repeat and re-allege each and every response contained in paragraphs 1 through 57 of this Answer as if set forth in their entirety.

59.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint, but defer all legal conclusions to the Court.

60.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint, but deny that Defendants were engaging in activities, policies and practices which violated federal and state law, rules or regulations promulgated pursuant to law, including, but not limited to, the FLSA, NJWHL, NJLAD, New Jersey Paid Sick Leave Law, Title VII, and FD&CA.

61.    Deny the truth of each and every allegation set forth in paragraph 61(a)-(d) of the Complaint.

62.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint, but deny that Defendants were engaging in activities, policies and practices which were fraudulent or deceptive and may have defrauded its clients, investors, customers, employees and the public at large,

including, but not limited to, violating Defendants' licensing agreement with Obagi by selling Obagi products on unauthorized websites and misleading the public that Defendants had a license to do so.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint, but deny that Defendants were engaging in activities, policies and practices which were against public policy and a danger to the public health, safety and welfare, including, but not limited to, selling pharmaceutical grade products to consumers online without prescriptions.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65. Deny the truth of each and every allegation set forth in paragraph 65 of the Complaint.

66. Deny the truth of each and every allegation set forth in paragraph 66 of the Complaint.

67. Deny the truth of each and every allegation set forth in paragraph 67 of the Complaint.

68. Deny the truth of each and every allegation set forth in paragraph 68 of the Complaint.

## PREAYER FOR RELIEF

69. Deny the allegations contained in the Prayer for Relief, (a)-(h) and otherwise deny that Plaintiff Mario Castano is entitled to any of the relief he seeks therein against Defendants.

## AFFIRMATIVE DEFENSES

70. This Court lacks the necessary jurisdiction over Defendants, including without limitation, for lack of proper service and/or improper venue and therefore the Complaint should be dismissed.

71. The Complaint fails to state any legally cognizable claim or cause of action upon

which relief can be granted, and therefore the Complaint should be dismissed.

72. Plaintiff's claims are barred pursuant to the doctrine of "unclean hands," and therefore the Complaint should be dismissed.

73. Plaintiff's claims are barred pursuant to the doctrine of "spoliation of evidence," and therefore the Complaint should be dismissed.

74. Plaintiff was under an obligation to mitigate, obviate, diminish or otherwise act to lessen or reduce his damages and has failed to do so, and therefore the Complaint should be dismissed.

75. Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith and did not violate any rights that may be secured to Plaintiff under any Federal, State or local laws, rules or regulations.

76. Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to the damages sought in the Complaint.

77. Plaintiff's claims are barred as he has been fully compensated for all amounts due and owing from Defendants.

78. Defendants at all times acted in good faith towards the Plaintiff with reasonable belief that their actions complied with State and Federal laws, and at no time willfully violated any of the laws pursuant to which the Plaintiff brings the present action.

79. All actions taken with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to Plaintiff's alleged complaints, whistleblowing, or any other alleged protected activity or category.

80. The Complaint is barred, in whole or in part, by the lack of any conduct directed at Plaintiff, or any adverse action taken against Plaintiff, on account of any alleged

complaints, whistleblowing, or any other alleged protected activity or category.

81. Each and every action taken by Defendants with respect to Plaintiff was based upon reasonable factors other than any alleged complaints, whistleblowing, or any other alleged protected activity or category.

82. Plaintiff s claims are estopped and barred by his own actions and conduct.

83. Plaintiff has not been damaged by any act of Defendants.

84. Plaintiff has failed to mitigate damages.

85. Plaintiff s Complaint is barred, in part, by the doctrine of election of remedies.

86. Defendants employed Plaintiff on an at-will basis and, therefore, could terminate his employment at any time with or without notice and with or without cause.

87. Assuming cause was necessary to terminate Plaintiff's employment, which Defendants deny, then Defendants had just cause for the termination of her employment.

88. Plaintiff's claims are barred by the doctrines of laches and waiver.

89. At all times, Defendants acted in good faith and without malice.

90. Defendants did not engage in any illegal or unethical conduct.

91. The injuries, damages or losses alleged in the Complaint are not the result of a negligent, reckless or intentional act or omission of Defendants.

92. Defendants' conduct was justified in furtherance of legitimate business interests.

93. Plaintiff's claims are barred or limited by after acquired evidence.

94. Defendants did not retaliate against Plaintiff.

95. Defendants did not violate the Fair Labor Standards Act of 1938 and avail themselves to every applicable defense under the aforementioned Act.

96. Defendants did not violate the New Jersey Wage and Hour Law and avail themselves

to every applicable defense under the aforementioned Law.

97.   Defendants did not violate the New Jersey Law Against Discrimination and avail themselves to every applicable defense under the aforementioned Law.

98.   Defendants did not violate the New Jersey Conscientious Employee Protection Act and avail themselves to every applicable defense under the aforementioned Act.

99.   Defendants did not violate the New Jersey Paid Sick Leave Act and avail themselves to every applicable defense under the aforementioned Act.

100.   Defendants did not violate Title VII and avail themselves to every applicable defense under the aforementioned Title.

101.   Defendants did not violate the Federal Food, Drug and Cosmetic Act and avail themselves to every applicable defense under the aforementioned Act.

102.   Defendants reserve the right to assert any and all other affirmative defenses that become known throughout the course of further discovery and/or investigation in this matter.

**WHEREFORE,** Defendants Lex Brands LLC, Silber Capital LLC, Israel Zahler and Samuel Spielman respectfully request:

A.   For the Answer and Affirmative Defenses, that the Court dismiss the Complaint filed in this action in its entirety and grant Defendants Lex Brands LLC, Silber Capital LLC, Israel Zahler and Samuel Spielman costs, disbursements, attorneys' fees and expenses relating to the action; and,

B.  Awarding Defendants Lex Brands LLC, Silber Capital LLC, Israel Zahler and Samuel

Spielman such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        April 15, 2022

                                        **TWERSKY PLLC**


                        By:

                                        Aaron Twersky, Esq.
                                        Ilana Neufeld, Esq.
                                        747 Third Avenue, 32nd Floor
                                        New York, New York 10017
                                        (212) 425-0149

                                        *Counsel for Defendants*
                                        *Lex Brands LLC,*
                                        *Silber Capital LLC, Israel Zahler*
                                        *and Samuel Spielman*

To:

Clerk of Court (via ECF)

All Counsel (via ECF)