

40 Wall Street, 49th Floor
New York, NY 10005
**O**: (212) 404-8644
**F**:  (332) 777-1884
kilegal.com

Steven Siegler, Esq.
steven@kilegal.com

December 9, 2022

**VIA ECF**
Hon. Jessica S. Allen, U.S.M.J.
Martin Luther King, Jr. Building and U.S. Courthouse
50 Walnut Street, Courtroom MLK 2B
Newark, NJ 07101

      Re:      **Castano v. Lex Brands, et al.**
                 **Civil Action No. 1:22-cv-00767**

Dear Judge Allen:

Please accept this joint status letter on the status of unresolved discovery issues, pursuant to Your Honor's Order dated November 22, 2022.

The parties exchanged discovery deficiency letters over the last few weeks and on, on December 5, 2022, their counsel attended a video conference to meet and confer on remaining discovery issues. The following disputes remain between the parties:

**Plaintiff's Discovery Requests Still in Dispute**

*Document Request No. 14(1) to Lex Brands: All documents between Defendant Lex Brands and Obagi Clinical Skin Care which relate to the allegations in Plaintiff's Complaint, including but not limited to licensing agreements, contracts, and correspondence.*

Defendants' position: Defendants object to Request No. 14 because it requests the production of a licensing agreement referenced in Plaintiff's Complaint which contains confidential and proprietary business information, which will not be produced. Plaintiff did not have access to the licensing agreement between Defendant Lex Brands ("Lex Brands") and non-party Obagi Clinical Skin Care ("Obagi") during the term of his employment and should not be permitted to access the licensing agreement in this litigation. Defendants position is that Plaintiff never made any such complaints regarding Lex Brands' business practices with respect to Obagi during his employment and is seeking discovery of the licensing agreement and other documents related to Obagi to create the implication that such complaints were made. Further, the contents of the licensing agreement itself are not necessary to Plaintiff's Conscientious Employee Protection Act claim, which requires Plaintiff to establish that he reasonably believed that Lex Brands' conduct was violating either a



40 Wall Street, 49th Floor
New York, NY 10005
**O**: (212) 404-8644
**F**: (332) 777-1884
kilegal.com

law, rule, or regulation promulgated pursuant to law, because the licensing agreement is neither of these things. By making this request, Plaintiff is seeking to disrupt and damage Lex Brands' relationship with Obagi. As to the substance of Plaintiff's allegations regarding Lex Brands' business practices, they are without merit, as evidenced by the fact that Obagi has recently expanded its relationship with Lex Brands despite being aware of Plaintiff's allegations.

Defendants further object to the request for the production of "all documents" between Lex Brands and non-party Obagi Clinical Skin Care for the period July 12, 2019 through October 15, 2021. Plaintiff did not have access to such documents during the short time he worked for Lex Brands. and such documents are not materially related to Plaintiff's claims in the Complaint. Plaintiff's request would encompass countless email communications unrelated to Plaintiff's claims, which were outside the scope of Plaintiff's position. Again, this request is a fishing expedition conducted to harass the Defendants and search for justification for Plaintiff's alleged complaints.

Plaintiff's position:

The requested documentation is relevant and discoverable because it relates to Plaintiff's allegation that he blew the whistle on unethical business practices, including Defendants' sale of Obagi products outside the scope of its licensing agreement with Obagi. The Obagi licensing agreement, and associated communications, will tend to prove or disprove whether Plaintiff's belief that Defendants were violating the agreement was reasonable – "reasonable belief" being an essential element of a CEPA whistleblower claim.

The parties' position did not change during the meet and confer conference. This discovery demand remains in dispute.

Additionally, there are a number of Plaintiff's Discovery Requests and Interrogatories to which Defendants agreed to provide additional documents and/or responses. Defendants have not done so as of the date of this letter because they have not had the opportunity to connect with their client in order to do so. They anticipate that they will be able to provide additional documents and/or responses by Friday December 16th, after which there will be no remaining discovery issues other than Plaintiff's Document Request No. 14(1), as described above.

Thank you for your continuing attention to this matter.



40 Wall Street, 49th Floor
New York, NY 10005
**O**: (212) 404-8644
**F**:  (332) 777-1884
kilegal.com

Respectfully submitted,

KOUTSOUDAKIS & IAKOVOU
LAW GROUP PLLC

/s/ Steven Siegler                                             /s/ Nicholas Fortuna
_____                              _____
Steven Siegler, Esq.                                      Nicholas Fortuna
*Attorneys for Plaintiff*                                *Attorneys for Defendants*
40 Wall Street, 49th Floor                           400 Madison Avenue, Suite 10D
New York, NY 10005                                   New York, NY 10017
(212) 404-8609                                              (212) 213-8844